# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| James Turner,<br>    Plaintiff,<br><br>-vs-<br><br>Prisoner Review Board Director<br>and Field Services Director<br>    Defendant(s). | Case No. 15cv4818<br>Honorable(s)<br>Judge Samuel Der-Yeghiayan<br>Mag. Judge Mary D. Rowland<br>Presiding |

RECEIVED
AUG 13 2015
8-13-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## AMENDED COMPLAINT

COME NOW the plaintiff James Turner, pro se, and respectfully move this Court to enter an Order Granting plaintiff's Amended Complaint for cause

## I.
## JURISDICTION

Jurisdiction is conferred pursuant 42 U.S.C. §1983 and the F.R. Civ. Proc for this Court to proceed with this action.

## II.
## PARTIES

James Turner is a citizen of the U.S.A. and a lifelong resident of the State of Illinois, City of Chicago and County of Cook temporarily in the custody of the defendant(s).

Unknown Director of the Prisoner Review Board is a citizen of the U.S.A. and an assumed resident

of the State of Illinois.

Unknown John Doe Director of Field Services of the Prisoner Review Board is a citizen of the U.S.A. and assumed resident of the State of Illinois.

Each unknown John Doe director is sued in his/her individual and official capacities.

## III.
## Statement OF Claim

Defendant Unknown John Doe Director of the Prisoner Review Board (PRB) has placed petitioner/plaintiff on (3) year Mandatory Supervised Release parole term, that was not imposed by the trial court, rendering parole term a void judgement, because plaintiff filed this action against the Unknown Director; The Unknown Director of Field Services in collusion and conspiracy with Director of Prisoner Review Board is retaliating against plaintiff by refusing to have him placed in a Half-Way-House that members of the Prisoner Review Board (PRB) ordered on June 10, 2015 and over (61) days have elapsed, showing clear delay by the named defendant(s) intentionally to deny Plaintiff of placement.

## IV.

## Statement Of Facts

1. Illinois State Legislature created the Illinois Revised Statutes Jan 1, 1977 which is commonly referred to as the Amendatory Act of 1977, that became effective February 1st 1978. which was the law in effect when the plaintiff was arrested November 24, 1981 and charged with (1) count each of a Class X Armed Robbery a Class X Attempt murder and a Class 1 Unlawful Restraint by Chicago Police.

2. Plaintiff had a trial before the Hon. Judge Thomas R. Fitzgerald by jury who found plaintiff guilty of each offense March 24, 1982.

3. Judge Fitzgerald imposed judgement on plaintiff and sentenced him to (60) yrs for Class X Armed Robbery; (30) yrs for Attempt Murder and (5) yrs for unlawful restraint all sentences was run currently and judgement was entered April 21, 1982.

4. After service of (31) yrs and (5) months Plaintiff was discharged from the Illinois Dept. of Corrections May 15, 2013, however, he was released to a Mandatory Supervised Release term of (3) years on Parole, that had not been imposed by the trial court.

5. (3) yr Mandatory Supervised Release parole term was supervised by defendant unknown John Doe Director of the Prisoner Review Board (PRB) who had plaintiff on Home monitoring where he is forced to wear an electric monitoring band attached to his leg. plaintiff was not pleased and decided to research how Mandatory Supervised Release (MSR) had been added to his sentence.

6. Plaintiff checked the Illinois Revised Statutes and found that the Illinois State Legislature had delegated judicial power of the Court to itsself to imposes terms of 1-3 yrs upon all offenders released from prison.

7. Plaintiff discovered the Illinois Revised Statute(s) (Ill. Rev. Stat.) mandated that "all sentences are to be imposed by a judge" under Ill. Rev. Stat. Ch. 38 1005-4-2 (b)(1)

8. Next, plaintiff discovered how the Illinois Legislature imposed (3) yrs MSR on him under Ill. Rev. Stat. Ch. 38 Par 1005-8-1 (d) which provide in pertinent part, that:

"Ill. Rev. Stat. Ch. 38 Par. 1005-8-1 (d) Except for a person serving natural life, (every sentence shall include, as though written therein), a term in addition. to there term of imprisonment. 1-3 yrs on MSR parole."

-4-

what made Ill. Rev. Stat. Ch. 38 Par. 1005-8-1(d) so unusual, was the State Lawmakers language, specifically:

> "every sentence shall include, as though written therein, a term in addition to their term of imprisonment."

So everybodies sentence "would include as though written therein" (even though it wasn't written in the sentencing order of the trial court) His 1-3 yr. MSR term imposed by State Legislature, even though unusual the language that was used didn't render the law illegal.

9. What rendered the law unlawful, was the Illinois State Constitution Art 2 §1 of the Bill of Rights, which mandates:

> "No member of one branch of government could exercise any powers or duties of the other branches of government."

The Seperation of powers clause of the State Constitution rendered "Ill. Rev. Stat. Ch. 38. Par. 1005-8-1(d) invalid, inactionable, unconstitutional and unenforceable and the plaintiff's (3) yr MSR term completely null and void,

-5-

10. Before plaintiff could challenge his his (3) yr MSR term, he was arrested for a Petty Theft and a Parole Violator Warrant April 25, 2015, and was turned over to the Illinois Dept. of Corrections May 7, 2015, he was given a hearing by members of defendant Director of the PRB Board, who ordered plaintiff's discharge to a Home-site, or to a Half-Way-House, because plaintiff had lost his residence due to his imprisonment he chose Half-Way-House placement, having been in a Half-Way-House twice previously plaintiff knew he'd be placed in a matter of day or two, but, plaintiff was not discharged.

11. Once plaintiff discovered that the Illinois State Legislature had delegated judicial powers of the Court to itself and had in so doing, violated the Seperation of Powers Clause to the Illinois State Constitution, rendering (3) yr MSR term illegal. Plaintiff also discovered that the State Lawmakers also had delegated the judicial powers of the Court to (2) Administrative Agencies the Prisoner Review Board (PRB) to supervise plaintiff on parole and the Illinois Dept. of Corrections (IDOC) to confine persons accused of parole violations.

10. Before plaintiff could challenge his his (3) yr MSR term, he was arrested for a Petty Theft and a Parole Violator Warrant April 25, 2015, and was turned over to the Illinois Dept. of Corrections May 7, 2015, he was given a hearing by members of defendant Director of the PRB Board, who ordered plaintiff's discharge to a Home-site, or to a Half-Way-House, because plaintiff had lost his residence due to his imprisonment he chose Half-Way-House placement, having been in a Half-Way-House twice previously plaintiff knew he'd be placed in a matter of day or two, but, plaintiff was not discharged.

11. Once plaintiff discovered that the Illinois State Legislature had delegated judicial powers of the Court to itself and had in so doing, violated the Seperation of Powers Clause to the Illinois State Constitution, rendering (3) yr MSR term illegal. Plaintiff also discovered that the State Lawmakers also had delegated the judicial powers of the Court to (2) Administrative Agencies the Prisoner Review Board (PRB) to supervise plaintiff on parole and the Illinois Dept. of Corrections (IDOC) to confine persons accused of parole violations.

12. As such, plaintiff filed the instant action complaint.

13. But, because PRB Board Director would not assign plaintiff to a Half-Way-House the plaintiff filed grievances, to which he received no responses. But, because its gone over (69) days and plaintiff has still not been placed in a Half-Way-House, plaintiff knows conclusively that the Unknown John Doe Director of Field Services is working in conspiracy with Unknown Director of the PRB Board to retaliate against plaintiff for bringing this complaint, accordingly the plaintiff amends his complaint and request the following relief.

## V.
## RELIEF

A) Compensatory damages of $10 Million Dollars to be assessed against each Unknown John Doe defendant to be awarded plaintiff from each individually and seperately;

B) Punitive damages of $15 Million assessed against each Unknown named defendant individually and seperately and awarded plaintiff;

C) Enter injunctive relief

D) Defendant(s) pay all cost of this action

-7-

E) Any additional relief this Court deems equitable, proper or just.

## VI.

## LEGAL CLAIMS

1) That both unknown John Doe defendant(s) acted knowingly, intentionally, willfully and arbitrarily in collusion, corroboration and conspiracy by direct or implied consent in bad faith with deliberate indifference to deprive plaintiff of his his Constitutional Rights to Due Process, Equal Protection of the law and subjects him to Double Jeopardy and cruel and unusual punishment in Violation of the U.S. Constitution.

## VII.

## CONCLUSION

WHEREFORE DO HE PRAY.

Respectfully submitted,

James Turner
#N-01161
P.O. Box 112
Joliet, Il. 60434

Subscribed & Sworn before me this 11th day of August 2015

Berneita Barnes
Notary Public



OFFICIAL SEAL
BERNEITA BARNES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 09/18/2016

ILLINOIS DEPARTMENT OF CORRECTIONS
## Parole Violation Report

**Section A: Violation Details**

N11061
~~ID#:N11061~~

**Offender:** Turner, James  **Alias:** _____  **ID#:** ~~N11061~~

**Parent Facility:** Dixon  **County of Violation:** Cook  **Date of Birth:** 02/05/1950

**Gender:** ☒ Male ☐ Female  **Race:** ☐ Caucasian ☒ African American ☐ Asian ☐ Hispanic ☐ Native American ☐ Other _____

**FBI#:** 645645G  **I.R.#:** 19874  **CCJ#:** _____

**Release Date:** 10/15/2014  **Discharge Date:** 04/10/2017  **Violation Date:** 03/17/2015

**Custody Facility:** _____  **Custody Date:** _____

**Offense(s):** _____

**IDOC Warrant #:** CP-1502808  **Date Warrant Issued:** 03/17/2015

List all arrests and/or alleged Parole/Mandatory Supervised Release violations that have occurred since the most recent release from IDOC custody. Include those that have had sanctions issued. NOTE: All boxes checked in the Notice of Charges section must be explained in detail in the narrative below (include date, time, place and description of the violation; description and method of any weapons used; identity and injury to any victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information): On 3/7/2015, James Turner (N11061) went to Stroger Hospital and then he was positive for Opiates on that same day Turner was Methodist Mental Hospital and a warrant was issued. Warrant was Diverted on 03/15/2015 at 1801 Offender was given orders to not leave the residence until he is seen by his Agent. On 03/17/2015 at 1:07 pm due to Offender not returning from 03/16/2015 at 1730 a warrant was generated for James Turner (N11061) AMS called (312)259-1987 but could not leave a message due to the voice mail not being set up. Agent went by the resident 03/18/2015 and there was no answer at the door. Offender has been on unauthorized movement since 03/16/2015. End Of Report.

AMENDED: On 04/24/20145 offender was arrested by Chicago Police Department the 6th district offender was already in violation for being AWOL for 39 days and offender is currently being held at the 6th district with Chicago Police Department and offender has new charges for retail theft. End of Report.

Answer the following questions only if the offender was AWOL (absent without permission of the agent):

Was this offender AWOL at the time of the violation? ☐ No ☒ Yes  Offender has been AWOL since (support in your narrative): 03/16/2015

Did the offender make any contacts to AMS while AWOL? ☒ No ☐ Yes  If yes, dates of contacts: 03/17/2015

Is this current arrest or alleged violation a sex-related or domestic-related offense? ☒ No ☐ Yes  Relationship to victim:

If yes, can the offender return to the current host site? ☐ No ☒ Yes

**Attachments:** ☐ Sanction Form  ☐ Police Report  ☐ Other (specify):

I hereby declare that the facts of the alleged violations in this report are truthful to the best of my knowledge and belief.

K. Thompson  K84  _Parole Agents Signature_  04/25/2015
Print Parole Agent's Name  No.  Date

J. Jackson  I30  _Supervisor's Signature_  4/251/15
Print Parole Supervisor's Name  No.  Date

Notice of Charges (section B) must be completed at the same time this section is completed.

Distribution: Offender; Releasing Authority; Offender's Case File; Parent Field Services Representative; AMS; Hearing Officer; if FOS, Interstate Compact

Page 1

Printed on Recycled Paper

DOC 0071 (Rev. 9/2014)

4-28-15
56

08-3F-D4-19

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Parole Violation Report**

Turner, James _____  N01161 _____
Offender's Name                                              ID#

### Section B: Notice of Charges of Alleged Parole or Mandatory Supervised Release Violations

You are hereby notified that, as detailed on this form, you are charged with having committed the following violations of your conditions of Parole or Mandatory Supervised Release Agreement:

- [x] 1. Violation of any criminal statute.
- [ ] 2. Possession of a firearm or other dangerous weapon.
- [x] 3. Failure to report to your agent (AWOL).
- [x] 4. Failure to permit the agent to visit your host site, employment or elsewhere as determined necessary.
- [ ] 5. Failure to attend a program or reside in a facility established for the instruction or residence of persons on parole or mandatory supervised release.
- [ ] 6. Failure to get permission before visiting or writing an inmate in an IDOC facility.
- [x] 7. Failure to report all your arrests to an agent as soon as possible but in no event later than 24 hours after release from custody.
- [ ] 8. Failure to get your agent's permission before leaving the State of Illinois.
- [ ] 9. Failure to get your agent's permission before changing your residence or employment.
- [ ] 10. Failure to consent to a search of you, your property or areas of your residence that are under your control.
- [x] 11. Use or possession of narcotics or other controlled substances in any form, or any paraphernalia related to those substances, or failure to submit to a urinalysis test as instructed.
- [ ] 12. Being in places where controlled substances are illegally sold, used, distributed or administered.
- [ ] 13. Knowingly associating with other persons on parole or mandatory supervised release without prior written permission of your agent or knowingly associating with persons who are members of an organized street gang.
- [ ] 14. Failure to provide true and accurate information to your agent about how you are adjusting to the community while on parole/mandatory supervised release, or to your conduct while you were incarcerated.
- [ ] 15. Failure to follow any specific instructions from your agent, specifically: _____
- [x] 16. Failure to comply with the following additional conditions of release (PRB orders and/or Rules 17-37, be specific): <u>failed to comply with rules of eletronic monitor</u>

You are entitled to a Preliminary Parole/Mandatory Supervised Release Violation Hearing before a neutral Hearing Officer to determine whether or not probable cause exists that you committed one or more of the violations checked above. You may appear and speak on your own behalf at this hearing and you may retain an attorney to represent you at the hearing. You may present evidence and you may make a written request in advance of the hearing to present witnesses who can provide relevant information.

Outside of Cook County, if probable cause on any new criminal charge is determined by the court prior to the hearing date, you are not entitled to a preliminary hearing.

- [ ] A. **Not eligible:** Probable cause has been found *in court* in _____ County on _____, 20__.

Your preliminary hearing is scheduled to be held on: _____, 20__ at _____ ☐ a.m. ☐ p.m. at: _____

Note: If probable cause is found at the preliminary parole revocation hearing, you may request that the hearing officer recommend to the Prisoner Review Board that the parole violation warrant be withdrawn pending a final parole revocation hearing.

You have the right to postpone or waive the hearing by initialing the appropriate box below:

- [x] B. **Postpone:** I request that my preliminary hearing be postponed for up to 30 days from today's date to permit me to obtain an attorney, witnesses or documents. I understand that it is my responsibility to present these individuals or materials at my hearing on:
  Initials: JT
  5-13, 20 15 at 9 ☐ a.m. ☐ p.m.

- [ ] C. **Waive (Illinois Offenders Only):** I elect to waive my preliminary hearing with the understanding that I will be given a full revocation hearing before the Prisoner Review Board. This waiver does not mean that I admit I am guilty of any of the above violations.
  Initials

- [ ] D. **Waive (Adult Interstate Compact Only):** I admit guilt and waive my preliminary hearing.
  Initials

I have received a copy of this Notice of Charges:

_____ on 4/29/15
Offender's Signature                        Date

A copy of this notice was delivered to the alleged violator by:
L. Muhammad _____  Senior Parole Agent
Print Name                                 Title

_____ on 4/29/15
Signature                                    Date

# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| James Turner,<br>  Plaintiff, | Case No. 15 cv 4818<br>Honorable(s)<br>Judge Samuel Der-Yeghiayan<br>Mag Judge Mary D. Rowland<br>Presiding. |
| -vs-<br>Unknown Director of<br>PRB Board, et al.,<br>  Defendants. | |

## NOTICE

**FILED**
AUG 13 2015 EAA
8-13-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

To: Ms. Lisa Madigan
Attorney General
100 W. Randolph St.
Chicago, Il. 60604

Please take Notice that I filed with the Clerk of the above named Court the attached Amended Complaint, a copy is hereby served on you. this 11th day of August. 2015

Respectfully submitted,
James
James Turner
#N-01161
P.O. Box 112
Joliet, Il. 60434

Subscribed & Sworn before me
this 11th day of August 2015
Berneita Barnes
Notary Public

OFFICIAL SEAL
BERNEITA BARNES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 09/18/2016